Alexander Cole v. Warden, NHSP      CV-00-296-B    05/09/01
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Alexander R. Cole

        v.                                Civil No. 00-296-B
                                          2001DNH106
Michael J. Cunningham, Warden,
New Hampshire State Prison


                    MEMORANDUM AND ORDER


     On November 21, 2000, Magistrate Judge Muirhead ordered the

Warden of the New Hampshire State Prison to "file an answer or

other pleading" in response to Alexander Cole's habeas corpus

petition.  In lieu of an answer, the Warden filed a motion to

dismiss asserting that Cole: (1) procedurally defaulted on many

of his claims in state court; (2) failed to exhaust state

remedies with respect to some of his claims; and (3) failed to

state viable claims for relief.

     The Warden's motion does not identify the rule of civil

procedure on which it is based.  Nor does it describe the

standard of review that I should use in resolving the motion.

Because the motion depends in part on documents that were

not filed with Cole's original petition, it is unclear whether I should treat the motion as a motion for summary judgment or a motion to dismiss. Rather than resolve this question, I deny the motion without prejudice to the Warden's right to renew his arguments either in a motion to reconsider or in a motion for summary judgment.

The United States Supreme Court has adopted rules that govern the processing of habeas corpus petitions in the United States District Courts. See Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following § 2254. These rules specify that all habeas corpus petitions must be reviewed by the court before they are served. Id. at Rule 4. The court must dismiss a petition under these rules if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id. at Rule 4. If summary dismissal is not warranted, the court must instead order the respondent to file an "answer or other pleading." Id. at Rule 4. The rules do not specify what motions a respondent may file in lieu of an answer. However, Rule 11 states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not

inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Id. at Rule 11.

Magistrate Judge Muirhead carefully reviewed Cole's habeas corpus claims before he directed the Warden to respond. This review necessarily included an inquiry into whether the petition should be dismissed either because it failed to state a viable claim for relief or for some other reason such as lack of jurisdiction, the statute of limitations, a failure to exhaust state remedies, or a procedural default. Because the Magistrate Judge has already examined the facial sufficiency of Cole's petition, any subsequent challenge to the sufficiency of the petition should be made in the form of a motion to reconsider the Magistrate Judge's Rule 4 decision. If such a motion is filed in lieu of an answer, it shall be based solely on the petition itself or any documents that are attached to or referenced in the petition.

If the Warden intends to file a dispositive motion based on documents that were not attached to or referenced in Cole's habeas corpus petition, he may file a motion for summary judgment in lieu of an answer. By filing such a motion, the Warden will place Cole on notice that the motion is subject to the standard

of review specified in Federal Rule of Civil Procedure 56.  If the Warden decides not to file either a motion to reconsider or a motion for summary judgment, he shall file an answer in accordance with Rule 5.  Any motion or answer shall be filed on or before June 4, 2001.

The Attorney General's Office shall follow this procedure in all future habeas corpus cases that are assigned to me.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 9, 2001

cc:  Alexander R. Cole, <u>pro</u> <u>se</u>
     N. William Delker, Esq.